## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RUSSELL D. BASS, 13425-424,**

**Petitioner,**

      **vs.**

**J. WALTON,**

**Respondent.**                    **No. 12-cv-1119-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

      This case is before the Court on petitioner's writ of habeas corpus, filed on October 22, 2012.    Petitioner, an inmate in USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence imposed in May 2002, after he pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).   Petitioner was convicted and sentenced in the Northern District of Illinois, *United States v. Bass*, Case No. 01-cr-109.   Because he had three prior qualifying offenses, he was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), to 300 months.   His conviction was affirmed on direct appeal, *United States v. Bass*, 325 F.3d 847 (7th Cir. 2003), *cert. denied*, 540 U.S. 998 (2003).

      Petitioner then filed a habeas petition under 28 U.S.C. § 2255, *United States v. Bass* (N.D. Ill. Case No. 05-cv-1776, filed June 2, 2005).   His grounds for relief included lack of probable cause for his arrest, unconstitutionality of the

firearm offense, and a challenge to the armed career criminal sentencing guidelines.   The district court dismissed that petition as untimely on May 23, 2006, without reaching the merits (Doc. 20 in Case No. 05-cv-1776).   Petitioner did not appeal further.

On December 21, 2009, petitioner filed for habeas relief in this Court under 28 U.S.C. § 2241, raising the same issue he now presents in the case at bar.   *Bass v. Hollingsworth*, Case No. 09-cv-1059-JPG.   Specifically, he claimed that his 1985 Illinois conviction for burglary should not have been counted as a "violent felony" so as to trigger the 15-year sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).   That conviction was for burglary of a salvage yard, a violation of Illinois Revised Statutes Ch. 38, ¶ 19-1(a) (now codified at 720 ILL. COMP. STAT. 5/19-1).[1]   Relying on *Chambers v. United States*, 555 U.S. 122 (2009), and *Begay v. United States*, 553 U.S. 137 (2008), Petitioner argued that this class two burglary was not a "violent felony" within the meaning of the ACCA, because it did not involve a residence and posed no risk of physical injury to another.   This Court found that it lacked jurisdiction to hear petitioner's claim in the context of a § 2241 proceeding, because it was a challenge to his sentence that belonged in a § 2255 motion.   The petition was dismissed with prejudice on September 16, 2011 (Docs. 12, 15, in Case No. 09-cv-1059-JPG).

---

[1] "A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft.   This offense shall not include the offenses set out in Section 4-102 of the Illinois Vehicle Code."   720 ILL. COMP. STAT. 5/19-1(a).

Petitioner also unsuccessfully sought permission from the Seventh Circuit to file a successive petition for a writ of habeas corpus under § 2255.  *Bass v. United States*, No. 11-2793, dismissed August 29, 2011.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention."  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted); 28 U.S.C. § 2255(e).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'"  *Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).  The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *Davenport*, 147 F.3d at 609-10 (§ 2255 limitation on filing successive motions does not render it an

inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In the instant matter, petitioner asserts that he is entitled to habeas relief because "intervening decisions have changed the legal landscape" regarding sentencing enhancements under the ACCA (Doc. 1, p. 1). He reiterates the claim raised in his earlier § 2241 petition – that he is actually innocent of being an armed career criminal, because the 1985 burglary conviction should not be considered a "violent felony" for sentence enhancement under the ACCA.

Petitioner argues that *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012), which was decided one day before *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), now allows a prisoner to bring a challenge to an ACCA-enhanced sentence in a § 2241 proceeding. The *Brown* opinion is contrary to this Court's conclusion in petitioner's earlier § 2241case, that such a challenge was not cognizable in a § 2241 proceeding. Petitioner correctly points out that under *Brown*, certain ACCA claims may be cognizable in a § 2241 proceeding. However, this does not mean that any challenge to an ACCA-enhanced sentence merits further review. A § 2241 petitioner must still show that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Brown*, 696 F.3d at 640 (citing 28 U.S.C. § 2255(e); *Davenport*, 147 F.3d at 610-12). The Seventh Circuit, in both *Brown* and *Hill*, referenced its earlier opinion in *Davenport* in explaining the circumstances under which § 2255 may be inadequate.

The petitioner in *Brown* raised an actual innocence claim that his convictions for compelling prostitution, and armed violence based on drug possession, were not "crimes of violence" within the meaning of the ACCA following the Supreme Court's *Begay* opinion. *Brown*, 696 F.3d at 640. The court observed that Brown could not have raised the *Begay* claim in his original § 2255 motion because *Begay* had not yet been decided, nor could it have been raised in a second or successive § 2255 motion, because *Begay* did not announce a new constitutional rule. *Id.* Notably, the government conceded that Brown's claim of an improper ACCA sentence enhancement was cognizable in a § 2241 proceeding as an "actual innocence" claim. *Brown*, 696 F.3d at 640-41. The key question in *Brown* was whether his prior convictions fell under the "catchall" definition of a "violent felony" in the ACCA, meaning a crime that is "similar in risk to the listed crimes" such as burglary and arson. *Brown*, 696 F.3d at 640 (quoting *Sykes v. United States*, 131 S. Ct. 2267, 2276 (2011)); 18 U.S.C. 924(e)(2)(B)(ii).

In contrast to *Brown*, the predicate felony petitioner seeks to challenge herein does not fall under the "catchall" definition in the ACCA, but instead is a burglary – one of the specific enumerated offenses that must trigger the enhanced sentencing provisions. Under the ACCA, a "violent felony" is any crime punishable by a year or more in prison that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; *or*
>
> (ii) is *burglary*, arson, or extortion, involves use of explosives, or

> otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. 924(e)(2)(B) (emphasis added).   As such, the Seventh Circuit has recognized that a conviction for burglary of a non-dwelling does indeed qualify as a predicate offense for enhanced sentencing under the ACCA.   "[B]urglary of a structure is per se a 'violent felony.'"   *Stallings v. United States*, 536 F.3d 624, 626 n.1 (7th Cir. 2008).

More importantly, petitioner cannot show that he was unable to present this argument in the context of a § 2255 motion.   The question of whether a particular burglary conviction should or should not trigger an ACCA-enhanced sentence has been litigated in cases that predate petitioner's federal conviction, and was addressed by the Supreme Court long before *Begay* and its progeny. Petitioner in fact cites to one of these leading cases (Doc. 1, pp. 5-6): *Taylor v. United States*, 495 U.S. 575, 599 (1990) (remanding case for further proceedings as to whether the petitioner's burglary conviction contained all the elements of "generic" burglary – an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime).   A § 2255 proceeding will be considered inadequate only if prior binding precedent had foreclosed petitioner from bringing the argument in a § 2255 motion.   *Hill v. Werlinger*, 695 F.3d 644, 648-49 (7th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007)).   That is not the case here.   Petitioner had the opportunity to raise this issue in his original § 2255 motion.   Therefore, he cannot use § 2241 as a vehicle for bringing this claim.

To summarize, petitioner has not demonstrated that § 2255 is an inadequate remedy for his current claim, and consistent with *In re Davenport*, Petitioner cannot raise this claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 14th day of November, 2012.

Digitally signed by David R. Herndon
Date: 2012.11.14 15:27:25 -06'00'

**Chief Judge**
**United States District Court**